LEIGH LICHTENBERG HAYES *vs.* BYRON LICHTENBERG. April 9, 1996. *Divorce and Separation,* Alimony, Separation agreement, Modification of judgment.

On February 16, 1993, a judgment entered in the Probate and Family Court (modification judgment) on a complaint for modification brought by Leigh Lichtenberg Hayes (wife) against Byron Lichtenberg (husband). The modification judgment contradicted the terms of a separation agreement dated August 17, 1987, by ordering the husband to make new and continuing monthly payments as "alimony" for the indeterminate future on the mortgage on the former marital home (sole title to which had been conveyed under the agreement to the wife), and by giving the husband a mortgage to secure "possible future re-payment" of monies he was ordered to pay. The modification judgment entered despite the fact that the separation agreement had disposed of all financial and other issues between the parties, had been found fair and reasonable, had been fully performed, and expressly provided that it survived the divorce judgment and had independent legal significance. The husband appealed, and the Appeals Court affirmed in an unpublished decision. See *Lichtenberg* v. *Hayes,* 38 Mass. App. Ct. 1115 (1995). We granted the husband's application for further appellate review.

By supplemental memorandum, the husband has brought to our attention that, since his application for further appellate review was granted, a new judgment entered on his complaint for modification which terminated the modification judgment effective September 1, 1995. This change in the status of the case does not render the appeal moot because the husband asserts that he will seek repayment of monies paid by him under the modification judgment. We must, therefore, examine the correctness of the modification judgment.

"A separation agreement, fair and reasonable at the time of a judgment nisi, and constituting a final resolution of spousal support obligations [and property division], should be specifically enforced, absent countervailing equities." *O'Brien* v. *O'Brien*, 416 Mass. 477, 479 (1993), and cases cited. We agree with the husband that the wife did not demonstrate countervailing equities to justify entry of the modification judgment. The judge found that the wife became unable to continue her education in medical school because of the recurrence of a mental illness that appeared to be in remission at the time of the divorce, that the wife was in arrears in payments on the mortgage on the former marital home, which was in danger of foreclosure, and that she was unable to keep up with current mortgage payments. The judge specifically found, however, that the wife "has reasonable prospects for employment, even if not as a doctor," and that "she has been 'holding back' in this regard in the hopes that [the husband] would be ordered to fund her resumed medical school studies." The judge concluded that "[the wife] should be able to find and secure a full-time job." Further, the judge found that the former marital home had "approximately $100,000 or more of equity." (The wife's sworn financial statement estimated the equity at $179,000). Although she faced serious financial problems in 1993, there was no danger of the wife's then becoming a public charge, and there existed an asset which the wife could resort to (along with income from employment) to alleviate her immediate financial pressures and needs. In these circumstances, there was no presently compelling case for modification and the judge should have specifically enforced the separation agreement as a bar to the wife's complaint. Based on this conclusion, we need not decide the husband's additional arguments that the judge erred by denying his motion for a psychological examination of the wife; by finding that he had the means to comply with the modification judgment[1]; and by ordering payments which fell outside of the definition of alimony.

No order is entered on the modification judgment because it is no longer in effect. Issues concerning the husband's claim that he is entitled to re-

---

[1]Nonetheless, we point out that, although the judge took note of the fact that the husband's income was "somewhat less" than it was at the time of the divorce, and that he now had the added burden of the sole support of the younger child, unassisted by his wife, the judge did not discuss the evidence that three of the husband's long-term consulting contracts would end soon after trial, possibly leading to a steep drop in his income. The fact that, effective September 1, 1995, the court granted the husband's complaint for modification, and terminated the modification judgment, suggests that the judge may have erred on this issue as well.

cover his payments under the modification judgment are to be dealt with in the Probate and Family Court by such further proceedings as may be necessary or desirable.

*So ordered.*

*Robert J. DiLibero* for the defendant.